UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO CORREA,<br><br>             Plaintiff,<br><br>       v.<br><br>BRAUDRICK, et al.,<br><br>             Defendants. | Case No. 1:19-cv-00369-DAD-JLT (PC)<br><br>**ORDER SETTING EVIDENTIARY HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 26, 2021<br>Time: 8:30 a.m. |

Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 37.) For the reasons set forth below, the Court sets this matter for an evidentiary hearing.

**I.  SUMMARY OF FACTS**

At all times relevant to this action, Plaintiff was incarcerated at Wasco State Prison. Defs.' Separate Statement of Undisputed Facts ("SUF") ¶ 1 (Doc. 37-3 at 1). Defendants Braudrick, Maddux, and Salinas were employed at the prison as a correctional officer, a correctional sergeant, and a psychiatric technician, respectively. *Id.* ¶ 2; Pl.'s Compl. 2-3 (Doc. 24 at 2-3). In his operative, first amended complaint, Plaintiff alleges that Defendants subjected him to excessive force and deliberate indifference to his serious medical needs on March 22, 2017. Pl.'s Compl. 2-8; Defs.' SUF ¶¶ 3-6. Plaintiff filed his first amended complaint in this action on February 26, 2020.

Plaintiff filed a grievance regarding the alleged incident of excessive force and deliberate indifference on September 20, 2017. Feliciano Decl. Ex. B (Doc. 37-6 at 9-13). In the grievance, Plaintiff states that he filed three other "602 complaints" (i.e., grievances) against Defendants Braudrick, Maddux, and Salinas, on April 10, 2017, but that he had not received a response. *Id.* Prison authorities cancelled the September 20, 2017 grievance at the second level of review for exceeding time limitations. *Id.*

In his supporting declaration, Plaintiff states that he submitted three "602 complaints" on April 10, 2017, to a correctional officer "working second shift" in the "ad.-seg. building D6 - B side." Pl.'s Decl. 1 (Doc. 42 at 33.) Plaintiff states that he was then transferred to California State Prison, Corcoran, and did not return to Wasco State Prison until four months later. *Id.* Plaintiff states that he filed a "22 request form" inquiring about not having received a response to his complaints. *Id.* 2. An exhibit to a declaration submitted in support of Defendants' motion for summary judgment includes a CDCR 22 form, or an "Inmate/Parolee Request for Interview, Item, or Service," filed by Plaintiff, in which Plaintiff wrote that he submitted "3 602 complaints" against Defendants "about an incident that happen[ed] on 3/22/2017." Feliciano Decl. Ex. B (Doc. 37-6 at 15.)

Plaintiff filed an appeal of the September 2017 cancellation on December 7, 2017. Feliciano Decl. Ex. E (Doc. 37-6 at 133-35.) Therein, Plaintiff states that he submitted an appeal of the cancellation on September 28, 2017, but that had not received a response. *Id.* Prison authorities cancelled the appeal for exceeding time limitations on December 8, 2017. *Id.*

Plaintiff then submitted an appeal directly to the third level of review by the California Department of Corrections and Rehabilitation Office of Appeals. Moseley Decl. Ex. B (Doc. 37-5 at 8-39). The Office of Appeals rejected the appeal, in part, because Plaintiff had bypassed the lower levels of review. *Id.* Between the date of the incident and the date Plaintiff filed his first amended complaint, the Office of Appeals did not accept or adjudicate on the merits any of Plaintiff's grievances concerning the incident underlying this action. *See* Defs.' SUF ¶¶ 8-9.

///

///

2

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citations omitted). If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

**C.  CDCR Grievance Process**

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2017). Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to bringing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. In 2017, administrative grievances were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2017); *see also Sapp*, 623 F.3d at 818.

///

4

## III.  DISCUSSION

### A. Plaintiff failed to exhaust administrative remedies before initiating this action

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system …, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In 2017, California regulations required that inmates pursue administrative grievances through three levels of review in order to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017). The regulations also required that inmates submit a grievance within 30 days of the subject incident or decision being appealed. *Id.* § 3084.8(b)(1) (2017). Grievances that failed to abide by these time constraints were subject to cancellation. *Id.* § 3084.6(c)(4) (2017).

On September 20, 2017, Plaintiff filed a grievance regarding the alleged incident of excessive force and deliberate indifference on March 22, 2017. Feliciano Decl. Ex. A. Since Plaintiff filed this grievance more than 30 days after the incident, prison authorities cancelled the grievance, pursuant to state regulations. *See Sapp*, 623 F.3d at 826 (concluding that screening of grievance was proper when inmate failed to comply with time limitations). Plaintiff does not deny that he submitted this grievance 6 months after the incident underlying this action. *See* Pl.'s Decl. 2. Given the cancellation, Plaintiff never submitted a grievance about the incident that was adjudicated on the merits at the third level of review. *See* Defs.' SUF ¶¶ 8-9.

Based on the above, the Court finds that Defendants have met their burden of showing that Plaintiff failed to exhaust generally available administrative remedies before initiating this action. The burden now shifts to Plaintiff to show that "something particular in his case … made … administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191.

///

**B. Plaintiff contends he is excused from failing to exhaust**

Prisoners must only exhaust administrative remedies that are "available;" they "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). The Supreme Court has identified three circumstances under which a remedy is unavailable: (1) the remedy "operates as a simple dead end," (2) the "administrative scheme … [is] so opaque that …. no ordinary prisoner can discern or navigate it," and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Plaintiff contends that he submitted three grievances to a correctional officer on April 10, 2017, regarding the alleged incident of excessive force and deliberate indifference on March 22, 2017. Pl.'s Opp'n 6-7 (Doc. 42 at 6-7). This was before the 30-day deadline. *See* Cal. Code Regs. tit. 15, § 3084.8(b)(1) (2017). Plaintiff states that he gave the three "complaint forms to turn … in and [the officer] did not," and that "appeal staff was delaying and loosing [sic] [his] appeals in order to stop [him] from exhausting administrative remedies." Pl.'s Opp'n 12. Although Plaintiff maintains that, given his efforts, he "did exhaust administrative remedies," *id.* 6, his argument is more precisely that prison officials thwarted his efforts to complete the administrative review process by failing to submit or respond to his initial grievances.

Defendants argue that CDCR and authorities' cancellation "letters show that CDCR provided Plaintiff with an open and available grievance process that Plaintiff failed to properly utilize," and that "Plaintiff's self-serving assertion that he did not receive responses to his grievances, effectively rendering the process unusable, does not change the result." Defs.' Reply 2-3 (Doc. 43 at 2-3).

The Court notes that prison officials' failure to submit an inmate grievance for review, or failure to respond to a grievance, makes the administrative remedy effectively unavailable. It is well established that "[w]hen prison officials improperly fail to process a prisoner's grievance, …. [they] have 'thwart[ed] [the prisoner] from taking advantage of [the] grievance process,' making that process unavailable." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (citations omitted). Hence, "'an inmate can show that administrative remedies are … unavailable if 1) prison officials have failed to timely respond to a grievance, 2) the inmate has received no

6

notice of or justification for the delay, and 3) the inmate has no other available avenues to seek administrative relief.'" *Thornton v. Grissom*, No. 1:16-cv-00498-AWI-MJS, 2017 WL 5158624, at *4 (E.D. Cal. 2017) (citation omitted); *see also Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances") (internal quotation marks and citations omitted).

Plaintiff alleges that he submitted three grievances in April 2017 and that prison officials never responded. Though he notified officials of these earlier-filed grievances in his later-filed September 2017 grievance, officials never responded to this claim or provided justification for the apparent delay. These facts are directly counter to the assertion of the defendants that the plaintiff failed to timely submit a 602 related to the events underlying this action. Because there is a credibility determination the Court must make, the Court will set this matter for an evidentiary hearing.

**ORDER**

The Court sets an evidentiary hearing on April 26, 2021 at 8:30 a.m. At that time, either side may present evidence addressing whether the plaintiff timely submitted a grievance related to the events that give rise to this action.

IT IS SO ORDERED.

Dated:   **December 28, 2020**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE