UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO CORREA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAUDRICK, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00369-DAD-JLT (PC)<br><br>**ORDER RESETTING EVIDENTIARY HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 9, 2021<br>Time: 10:00 a.m. |

This matter is set for an evidentiary hearing on April 26, 2021, on Defendants' exhaustion-based motion for summary judgment. (Doc. 50.) Since setting the hearing, the Court has learned that Plaintiff's institution is able to facilitate conducting the hearing over Zoom videoconference. Accordingly, the Court ORDERS:

1. The April 26, 2021 evidentiary hearing is vacated and reset for **March 9, 2021, at 10:00 a.m.**;

2. The evidentiary hearing will be held over Zoom videoconference. Defense counsel shall arrange for Plaintiff's participation. Prior to the hearing, counsel shall contact the undersigned's courtroom deputy at shall@caed.uscourts.gov to arrange for the Zoom videoconference connection information;

3. No later than February 19, 2021, defense counsel SHALL confer with the plaintiff via telephone to determine whether either side will seek to admit documentary evidence at the

hearing. If either side wishes to do so, the party SHALL identify the documents and provide a copy of it to the opponent, **unless** both sides already have copies of the documents. They SHALL exchange their documents, and they must be received no later than February 26, 2021. The Court anticipates that defense counsel will employ the assistance of the Litigation Coordinator so that the evidence can be more quickly exchanged via email, with the Litigation Coordinator receiving the defendants' evidence via email and printing copies and providing it to the plaintiff and also scanning and emailing copies of the plaintiff's evidence to defense counsel;[1]

4. The parties SHALL agree as to the exhibit numbers to assign to the documents with the plaintiff's exhibits identified as "Plaintiff's Exhibit" followed by a number and the defendants' exhibits identified as Defense Exhibit" followed by a number. They may also mark exhibits as "Joint Exhibit" followed by a number, if both sides will rely upon the same exhibit. Objections to the evidence, if any, must be made at the time of the hearing or they are waived;

5. After the conference, defense counsel SHALL file an exhibit list detailing the evidence and exhibit number for both sides[2]. Along with the exhibit list, Defense counsel SHALL lodge copies of all of the evidence the parties will seek to use at the hearing by email to JLTOrders@caed.uscourts.gov no later than March 3, 2021;

6. The Court will issue a writ of *habeas corpus ad testificandum*, as appropriate.

IT IS SO ORDERED.

    Dated:  **January 21, 2021**                /s/ Jennifer L. Thurston
                                                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The Court sincerely appreciates the Litigation Coordinator's assistance in this effort.

[2] The Court appreciates these orders place a burden on defense counsel. However, because the plaintiff lacks the ability to lodge his evidence electronically, placing this burden on defense counsel is unavoidable. Only in this way will the parties and the Court have access to the relevant evidence at the video hearing.