1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    ANGELO CORREA,                        Case No. 1:19-cv-00369-DAD-JLT (PC)

12                      Plaintiff,          **FINDINGS AND RECOMMENDATIONS
                                            TO DENY DEFENDANTS' MOTION FOR
13          v.                              SUMMARY JUDGMENT AND EXCUSE
                                            PLAINTIFF'S FAILURE TO EXHAUST**
14    BRAUDRICK, et al.,
                                            (Doc. 37)
15                      Defendants.
                                            21-DAY DEADLINE
16

17          Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust

18    administrative remedies prior to filing suit. (Doc. 37.) For the reasons set forth below, the Court

19    recommends that Defendants' motion be denied and that Plaintiff's failure to exhaust be excused.

20    **I.      PROCEDURAL BACKGROUND**

21          Defendants filed their exhaustion-based motion for summary judgment on July 27, 2020.

22    (Doc. 37.) After receiving two extensions of time (Docs. 39, 41), Plaintiff filed an opposition on

23    October 5, 2020 (Doc. 42), to which Defendants filed a reply on October 14, 2020 (Doc. 43).

24          On December 28, 2020, the Court found that there was a dispute of a material fact

25    regarding whether an administrative remedy was available, which required a credibility

26    determination to resolve. (Doc. 50 at 7.) Accordingly, the Court set an evidentiary hearing on this

27    matter. (*Id.*) The Court held the evidentiary hearing on March 9, 2021. (Doc. 57.) This matter is

28    now ripe for a decision on the summary-judgment motion as well as to resolve the dispute of fact.

## II.    SUMMARY OF FACTS

At all times relevant to this action, Plaintiff was incarcerated at Wasco State Prison. Defs.' Separate Statement of Undisputed Facts ("SUF") ¶ 1 (Doc. 37-3 at 1). Defendants Braudrick, Maddux, and Salinas were employed at the prison as a correctional officer, a correctional sergeant, and a psychiatric technician, respectively. *Id.* ¶ 2; Pl.'s Compl. 2-3 (Doc. 24 at 2-3). In his operative, first amended complaint, Plaintiff alleges that Defendants subjected him to excessive force and deliberate indifference to his serious medical needs on March 22, 2017. Pl.'s Compl. 2-8; Defs.' SUF ¶¶ 3-6. Plaintiff filed his first amended complaint in this action on February 26, 2020. (Doc. 24.)

Plaintiff filed a grievance regarding the alleged incident of excessive force and deliberate indifference on September 20, 2017. Feliciano Decl. Ex. B (Doc. 37-6 at 9-13). In the grievance, Plaintiff states that he filed three other "602 complaints" (i.e., grievances) against Defendants Braudrick, Maddux, and Salinas, on April 10, 2017, but that he had not received a response. *Id.* Prison authorities cancelled the September 20, 2017 grievance at the second level of review for exceeding time limitations. *Id.*

In his supporting declaration, Plaintiff states that he submitted three "602 complaints" on April 10, 2017, to a correctional officer "working second shift" in the "ad.-seg. building D6 - B side." Pl.'s Decl. 1 (Doc. 42 at 33.) Plaintiff states that he was then transferred to California State Prison, Corcoran, and did not return to Wasco State Prison until four months later. *Id.* Plaintiff states that he filed a "22 request form" inquiring about not having received a response to his complaints. *Id.* 2. An exhibit to a declaration submitted in support of Defendants' motion for summary judgment includes a CDCR 22 form or "Inmate/Parolee Request for Interview, Item, or Service," filed by Plaintiff, in which Plaintiff wrote that he submitted "3 602 complaints" against Defendants "about an incident that happen[ed] on 3/22/2017." Feliciano Decl. Ex. B (Doc. 37-6 at 15.)

Plaintiff filed an appeal of the September 2017 cancellation on December 7, 2017. Feliciano Decl. Ex. E (Doc. 37-6 at 133-35.) Therein, Plaintiff states that he submitted an appeal of the cancellation on September 28, 2017, but that he had not received a response. *Id.* Prison

2

1    authorities cancelled the appeal for exceeding time limitations on December 8, 2017. *Id.*

2    Plaintiff then submitted an appeal directly to the third level of review, the California

3    Department of Corrections and Rehabilitation ("CDCR") Office of Appeals. Moseley Decl. Ex. B

4    (Doc. 37-5 at 8-39). The Office of Appeals rejected the appeal, in part, because Plaintiff had

5    bypassed the lower levels of review. *Id.* Between the date of the incident and the date on which

6    Plaintiff filed his first amended complaint, the Office of Appeals did not accept or adjudicate on

7    the merits any of Plaintiff's grievances concerning the incidents underlying this action. *See* Defs.'

8    SUF ¶¶ 8-9.

9    **III.    LEGAL STANDARDS**

10   **A.  Summary Judgment**

11   Summary judgment is appropriate when the moving party "shows that there is no genuine

12   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

13   Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine

14   issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

15   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by

16   "citing to particular parts of materials in the record, including depositions, documents,

17   electronically stored information, affidavits or declarations, stipulations …, admissions,

18   interrogatory answers, or other materials," or by showing that such materials "do not establish the

19   absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

20   evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears

21   the burden of proof at trial, "the moving party need only prove that there is an absence of

22   evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

23   477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

24   Summary judgment should be entered against a party who fails to make a showing

25   sufficient to establish the existence of an element essential to that party's case, and on which that

26   party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

27   proof concerning an essential element of the nonmoving party's case necessarily renders all other

28   facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

3

1   "so long as whatever is before the district court demonstrates that the standard for the entry of

2   summary judgment … is satisfied." *Id.* at 323.

3   **B. Exhaustion of Administrative Remedies**

4   The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with

5   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

6   confined in any jail, prison, or other correctional facility until such administrative remedies as are

7   available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is

8   mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199,

9   211 (2007). Inmates are required to "complete the administrative review process in accordance

10  with the applicable procedural rules, including deadlines, as a precondition to bringing suit in

11  federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies

12  to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of

13  the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532

14  U.S. 731, 741 (2001).

15  The failure to exhaust administrative remedies is an affirmative defense, which the

16  defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of

17  producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if

18  the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff

19  failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

20  judgment, the defendant must prove (1) the existence of an available administrative remedy and

21  (2) that the plaintiff failed to exhaust that remedy. *Id.* at 1172 (citation omitted). If the defendant

22  meets this burden, the plaintiff then "has the burden of production. That is, the burden shifts to

23  the prisoner to come forward with evidence showing that there is something in his particular case

24  that made the existing and generally available administrative remedies effectively unavailable to

25  him." *Id.* (citation omitted). "However, … the ultimate burden of proof remains with the

26  defendant." *Id.* "If a motion for summary judgment is denied, disputed factual questions relevant

27  to exhaustion should be decided by the judge." *Id.* at 1170.

28  ///

4

1

### C.  CDCR Grievance Process

2        The CDCR has an administrative grievance system for prisoners to appeal a policy,

3   decision, action, condition, or omission by the department or staff if it has an adverse effect on

4   prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2017). Compliance with

5   42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to

6   exhaust their claims prior to bringing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th

7   Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. In 2017, administrative grievances were subject

8   to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, §

9   3084.1(b) (2017); *see also Sapp*, 623 F.3d at 818.

10  ### IV.    DISCUSSION

11      ### A.  Plaintiff failed to exhaust administrative remedies

12       The PLRA requires "proper exhaustion," which means that "the prisoner must complete

13  the administrative review process in accordance with the applicable procedural rules, including

14  deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The

15  rules that must be followed, in other words, "are defined not by the PLRA, but by the prison

16  grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to

17  comply with the grievance procedures will vary from system to system …, but it is the prison's

18  requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

19       In 2017, California regulations required that inmates pursue administrative grievances

20  through three levels of review in order to exhaust their administrative remedies. Cal. Code Regs.

21  tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017). The regulations also required that inmates

22  submit a grievance within 30 days of the subject incident or decision being appealed. *Id.* §

23  3084.8(b)(1) (2017). Grievances that failed to abide by these time constraints were subject to

24  cancellation. *Id.* § 3084.6(c)(4) (2017).

25       On September 20, 2017, Plaintiff filed a grievance regarding the alleged incident of

26  excessive force and deliberate indifference on March 22, 2017. Feliciano Decl. Ex. A. Since

27  Plaintiff filed this grievance more than 30 days after the incident, prison authorities cancelled the

28  grievance, pursuant to state regulations. *See Sapp*, 623 F.3d at 826 (concluding that screening of

grievance was proper when inmate failed to comply with time limitations). Plaintiff does not deny that he submitted this grievance six months after the incident underlying this action. *See* Pl.'s Decl. 2. Given the cancellation, Plaintiff never submitted a grievance about the incident that was adjudicated on the merits at the third level of review. *See* Defs.' SUF ¶¶ 8-9.

Based on the above, the Court finds that Defendants meet their burden in showing that Plaintiff failed to exhaust generally available administrative remedies before initiating this action. The burden of production now shifts to Plaintiff to show that "something particular in his case … made … administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191.

### B. Plaintiff's failure to exhaust is excused

Prisoners must only exhaust administrative remedies that are "available;" they "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). The Supreme Court has identified three circumstances under which a remedy is unavailable: (1) the remedy "operates as a simple dead end," (2) the "administrative scheme … [is] so opaque that …. no ordinary prisoner can discern or navigate it," and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Plaintiff contends that he submitted three grievances to a correctional officer on April 10, 2017, regarding the alleged incident of excessive force and deliberate indifference on March 22, 2017. Pl.'s Opp'n 6-7 (Doc. 42 at 6-7). This is within the 30-day time limit provided by regulations. *See* Cal. Code Regs. tit. 15, § 3084.8(b)(1) (2017). Plaintiff states that he gave the officer the "complaint forms to turn … in," but "appeal staff was … loosing [sic] [his] appeals." Pl.'s Opp'n 12. Although Plaintiff maintains that, given his efforts, he "did exhaust administrative remedies," *id.* 6, his argument is more precisely that prison officials thwarted his efforts to complete the administrative process by failing to either submit or respond to his April grievances.

Defendants argue that CDCR and prison authorities' cancellation "letters show that CDCR provided Plaintiff with an open and available grievance process that Plaintiff failed to properly utilize," and that "Plaintiff's self-serving assertion that he did not receive responses to his grievances, effectively rendering the process unusable, does not change the result." Defs.' Reply 2-3 (Doc. 43 at 2-3).

The Court disagrees. First, the evidence demonstrates the plaintiff submitted three grievances in April 2017 to a correctional officer. It is apparent that these grievances were not processed.  The Court has no evidence why the grievances failed to be processed by prison officials. However, prison officials' failure to submit an inmate grievance for review, or failure to respond to a grievance, makes the administrative remedy effectively unavailable. It is well established that "[w]hen prison officials improperly fail to process a prisoner's grievance, …. [they] have 'thwart[ed] [the prisoner] from taking advantage of [the] grievance process,' making that process unavailable." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (citations omitted); *see also Williams*, 775 F.3d at 1192 (an officer's refusal to file an appeal would render administrative remedies unavailable); *Hoffman v. Preston*, No. 1:16-cv-01617-LJO-SAB, 2018 WL 4635859, at *4 (E.D. Cal. 2018) ("[a] prisoner is deemed to have exhausted … remedies once a prison official fails to properly process his grievance"). Hence, "'an inmate can show that administrative remedies are … unavailable if 1) prison officials have failed to timely respond to a grievance, 2) the inmate has received no notice of or justification for the delay, and 3) the inmate has no other available avenues to seek administrative relief.'" *Thornton v. Grissom*, No. 1:16-cv-00498-AWI-MJS, 2017 WL 5158624, at *4 (E.D. Cal. 2017) (citation omitted); *see also Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances") (internal quotation marks and citations omitted).

Though the plaintiff notified officials of these earlier-filed grievances in his later-filed September 2017 grievance, they never responded to this claim or provided an explanation for the apparent delay. The evidence demonstrates that the grievances were never submitted to the appeals office after the plaintiff gave them to the correctional officer. Additionally, because officials cancelled the September 2017 grievance due to Plaintiff submitting it more than 30 days after the subject incident, Plaintiff had no other available avenue for administrative relief. Under such circumstances, administrative remedies would be effectively unavailable.

Second, Plaintiff's contention that he never received responses to the grievances he submitted on April 10, 2017, is more than an assertion made in response to Defendants' motion

7

for summary judgment. Plaintiff not only claims that he provided three "602 complaints" to an officer on that date in his declaration submitted with his opposition (Doc. 42 at 33), he also asserts the same in (1) the Form-22 inquiry he submitted on September 7, 2017, Feliciano Decl. Ex. B (Doc. 37-6 at 15), (2) the follow-up grievance he filed on September 20, 2017, *id.* (Doc. 37-6 at 12), and (3) the appeal of the grievance's cancellation that he filed on December 28, 2017, Moseley Decl. Ex. B (Doc. 37-5 at 14, 16). Thus, Plaintiff's contention that he gave three grievances to a correctional officer on April 10, 2017, concerning an alleged incident involving the defendants on March 22, 2017, but that he never received a response, has been consistent across multiple filings spanning several years. *See Cato v. Darst*, No. 2:14-cv-00959-TLN-KJN, 2015 WL 4456097, at *10 (E.D. Cal. 2015) (because "plaintiff … inquired about the status of his appeals" by submitting a staff complaint, a follow-up letter, and a CDCR 22 form, the "record demonstrates that plaintiff has made more than a bare assertion that prison officials failed to process his grievances"); *cf. McCurdy v. Rivero*, No. 5:17-01043-BLF, 2018 WL 4300521, at *8 (N.D. Cal. 2018) (noting plaintiff's failure to "inquire[] about the status of his alleged grievance, file[] a new grievance, or submit[] the purported grievance to the Appeals Office" in finding that plaintiff failed to show that officials thwarted his efforts to exhaust); *Bassett v. Callison*, No. 2:10-cv-00539-KJN, 2010 WL 5393985, at *7 (E.D. Cal. 2010) ("it is insufficient for plaintiff to simply submit a[n] … appeal and then consider it exhausted because he heard nothing further," when he "failed to … inquire[] about the status of the appeal[] or attempt[] to re-file" it). Plaintiff, therefore, meets his burden of producing evidence showing that his efforts to exhaust were impeded and thus effectively unavailable. *See Williams*, 775 F.3d at 1192 (plaintiff's "statements that she was thwarted from filing a grievance" when she provided it to an officer who refused to file it "me[t] her burden of production").

At the evidentiary hearing on this matter, Defendants offered evidence proving that Plaintiff failed to pursue an administrative remedy through the third, highest level of review. *See, e.g.*, Defs.' Ex. 2 (CDCR Inmate Appeals Tracking System: Appeal History for Plaintiff), Defs.' Ex. 3 (CCHCS Grievance History for Plaintiff). However, the Court already found that Plaintiff failed to exhaust generally available remedies in its order setting the evidentiary hearing. (Doc. 50

8

1   at 5.) The only issue to be resolved was whether such a remedy was available to Plaintiff in his

2   particular case. (*See id.* at 7.)

3          Defendants also offered evidence about the general process for filing administrative

4   grievances at Wasco State Prison. For example, Defendants' first witness, the appeals coordinator

5   at the prison, testified that inmates may generally file grievances by placing them in a lockbox.

6   However, the same witness admitted that, when an inmate is confined to administrative

7   segregation ("ad seg"), he must provide any grievances to a prison employee, who would then file

8   them in the ad-seg lockbox on his behalf. In other words, inmates in ad seg do not have direct

9   access to the lockbox. Plaintiff went on to testify that he handed "602s" to an officer on April 10,

10  2017, because he was in administrative segregation and could not file the forms directly himself.

11  Defendants did not offer evidence refuting this specific contention.[1] *See Hamilton v. Hart*, No.

12  1:10-cv-00272-LJO-EPG, 2016 WL 1090109, at *8 (E.D. Cal. 2016) ("even if Defendants'

13  witnesses [at evidentiary hearing] testified truthfully, they did not negate Plaintiff's version of

14  events"); *cf. Vickers v. Smith*, No. 1:15-cv-00129-SAB, 2019 WL 1367784, at *8 (E.D. Cal.

15  2019) (finding that plaintiff failed to exhaust administrative remedies, where sheriff's deputy

16  credibly testified at evidentiary hearing that "had he been provided with a grievance …, he would

17  have provided it to the sergeant so that it would be placed on the grievance log," and where

18  plaintiff's testimony was found to "not [be] credible"); *Cato v. Darst*, No. 2:14-cv-00959-TLN-

19  KJN, 2016 WL 1734759, at *15 (E.D. Cal. 2016) (at "evidentiary hearing, …. [t]he three officers

20  responsible for processing … inmate grievances" on the date in question "persuasively and

21  credibly testified that they did not tamper with any grievance filed by plaintiff on that date").

22          Defendants offered evidence that "generally outline[d] the procedure for filing a formal

23  complaint," but that did not adequately "rebut [Plaintiff's] evidence that administrative remedies

24  were not available to [him] because [his] filings were rejected" or went unaddressed. *Williams*,

25  775 F.3d at 1192. "[P]ermitting a defendant to show that remedies merely existed in a general

---

[1] The appeals coordinator testified that a logbook maintained by WSP appeals staff indicates that staff did not pick up any grievances from the ad-seg lockbox on April 10 or April 11, 2017. *See* Evid. Hr'g Defs.' Ex. 1. However, this does not refute Plaintiff's contention that he handed grievances to an officer on April 10, 2017. *See Hamilton*, 2016 WL 1090109, at *9 ("The Court is not persuaded that Plaintiff failed to submit a timely Form 602 appeal solely because it did not appear in CDCR's records.").

1    sense where a plaintiff has specifically alleged that official action prevented her from filing a

2    particular grievance would force a plaintiff to bear the burden of proof, a burden which the

3    plaintiff does not bear." *Id.* (citation omitted). The Court thus finds that Defendants have not met

4    their burden of proving that Plaintiff failed to exhaust *available* administrative remedies.

5    Summary judgment is therefore not appropriate. *Id.*; *see also Anderson v. Hernandez*, No. 3:15-

6    cv-00993-BEN-BLM, 2016 WL 11448148, at *17-19 (S.D. Cal. 2016) (plaintiff's sworn

7    statements that he provided a grievance to an officer within applicable time limits were sufficient

8    to create a genuine dispute of material fact regarding the availability of administrative remedies,

9    rendering summary judgment inappropriate).

10          The Court resolves the factual dispute in Plaintiff's favor. *See Albino*, 747 F.3d at 1170 (if

11   "summary judgment is denied, disputed factual questions relevant to exhaustion should be

12   decided by the judge"). Specifically, the Court finds that administrative remedies were effectively

13   unavailable to Plaintiff because he submitted grievances regarding the incidents at issue in this

14   action on April 10, 2017, that went unaddressed. The Court bases its finding on Plaintiff's

15   multiple filings on the matter, as detailed above; the lack of countervailing evidence; and

16   Plaintiff's testimony at the evidentiary hearing, which the Court found to be consistent and

17   credible. *Cf. Sansone v. Thomas*, No. 1:13-cv-01942-DAD-EPG, 2016 WL 7159285, at *7 (E.D.

18   Cal. 2016) (noting plaintiff's testimony at evidentiary hearing "suffer[ed] from inconsistencies"

19   in finding that defendants adequately proved that plaintiff failed to exhaust available remedies);

20   *Iniguez v. Templin*, No. 2:17-cv-01513-SB, 2019 WL 6887207, at *2 (D. Or. 2019) (same); *see*

21   *also Hamilton*, 2016 WL 1090109, at *4 ("one of the purposes of an evidentiary hearing is to

22   'enable [ ] the finder of fact to see the witness's physical reactions to questions, to assess the

23   witness's demeanor, and to hear the tone of the witness's voice'") (citation omitted). The Court

24   does not address what might have happened to Plaintiff's grievances, since there is no admissible

25   evidence on this point. The Court only finds that Plaintiff adequately shows that he submitted

26   grievances within the time provided by state regulations, and that these went unaddressed.

27   **V.      CONCLUSION AND RECOMMENDATIONS**

28          For the reasons set forth above, the Court RECOMMENDS that Defendants' motion for

summary judgment be DENIED and that Plaintiff be excused from failing to exhaust administrative remedies with respect to the claims at issue in this action, since such remedies were effectively unavailable. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). <u>Within 21 days</u> of the date of service of these Findings and Recommendations, Defendants may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 21, 2021**__                    _____**/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE