UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO CORREA,<br><br>        Plaintiff,<br><br>    v.<br><br>BRAUDRICK, et al.,<br><br>        Defendants. | No. 1:19-cv-00369-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 37, 59) |

Plaintiff Angelo Correa is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2020, defendants filed a motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Doc. No. 37.) After requesting and receiving multiple extensions of time, on October 5, 2020, plaintiff's opposition was docketed. (Doc. No. 42.) On October 14, 2020, defendants filed their reply. (Doc. No. 43.)

On December 28, 2020, the assigned magistrate judge issued an order finding that although plaintiff had failed to exhaust his administrative remedies, there may exist a dispute of

1 material fact as to whether an administrative remedy was effectively available to plaintiff, which
2 necessitated an evidentiary hearing to assess the credibility of the parties' arguments.  (Doc. No.
3 50 at 5–7.)  On March 9, 2021, the evidentiary hearing was held, during which the parties
4 presented testimony and documentary evidence.  (Doc. No. 57.)

5      On March 22, 2021, the assigned magistrate judge issued findings and recommendations,
6 recommending that defendants' motion for summary judgment be denied because there was a
7 dispute of material fact as to whether administrative remedies were effectively unavailable to
8 plaintiff whose inmate grievance appeals allegedly submitted on April 10, 2017 went
9 unaddressed.  (Doc. No. 59 at 10.)  The findings and recommendations were served on the parties
10 and provided twenty-one (21) days to file objections thereto.  (*Id.* at 11.)  Defendants filed
11 objections on April 6, 2021.  (Doc. No. 63.)

12      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
13 *de novo* review of this case.  Having carefully reviewed the file, including defendants' objections,
14 the court finds the findings and recommendations to be supported by the record and proper
15 analysis.

16      In their objections, defendants contend that the magistrate judge failed to attribute proper
17 weight to documentary evidence which they argue shows that plaintiff did not submit inmate
18 appeals on April 10, 2017. (Doc. No. 63 at 3–7.)  This argument is unpersuasive.  The evidence
19 defendants submitted at the March 9, 2021 evidentiary hearing shows only that prison appeals
20 officials did not *collect* an appeal from a lockbox in the administrative segregation section of
21 Wasco State Prison ("ad seg") on April 10, 2017.  (*See* Doc. No. 59 at 9.)  Defendants' proffered
22 evidence is, at best, circumstantial evidence that plaintiff failed to submit an inmate appeal on that
23 date but fails to establish that plaintiff did not *submit* any administrative appeals on April 10,
24 2017, as the assigned magistrate judge correctly and clearly outlined in the pending findings and
25 recommendations.  Indeed, the prison appeals coordinator testified at the March 9, 2021
26 evidentiary hearing that on April 10, 2017 plaintiff would not have been able to directly place his
27 appeals in the lockbox, because he was confined in ad seg. (Doc. No. 62 at 12:4–7.)  Instead,
28 plaintiff would have needed to provide his inmate appeals to a member of the prison staff, who

2

1   would then have to place the inmate appeals in the lockbox on plaintiff's behalf.  (*Id.*)

2   Specifically, defendants' documentary and testimonial evidence does not directly contradict plaintiff's contention that he provided three inmate appeals to a correctional officer on April 10, 2017, which then went unaddressed.  (Doc. No. 59 at 9–10.)  As addressed in the pending findings and recommendations, plaintiff's contention is further bolstered by the fact he has consistently stated this same position in multiple filings submitted over the course of several years:  (1) the inquiry he submitted on September 7, 2017 (Doc. No. 37-6 at 15); (2) the follow-up inmate grievance he filed on September 20, 2017 (*Id.* at 10, 12); and (3) the inmate appeal of the grievance cancellation that he filed on December 28, 2017 (Doc. 37-5 at 15–16).  (Doc. No. 59 at 8.)  Thus the court concludes that the assigned magistrate gave appropriate weight to defendants' proffered evidence when concluding a dispute of fact existed as to whether administrative remedies were effectively rendered unavailable to plaintiff.

Defendants second argument is that a ruling in favor of plaintiff would allow future prisoner-plaintiffs "to circumvent exhaustion" requirements by relying only on "self-serving testimony" that they submitted a grievance that went missing.  (Doc. No. 63 at 4–5.)  However, as with their first argument, defendants again overlook significant aspects of the pending findings and recommendations.  The assigned magistrate judge's findings and recommendations were not based solely on plaintiff's assertions made in response to defendants' motion for summary judgment, but rather also rested on plaintiff's testimony at the evidentiary hearing, which the assigned magistrate judge "found to be consistent and credible," and the multiple documents plaintiff had filed over a period of many years that consistently asserted that "he gave three grievances to a correctional officer on April 10, 2017, concerning an alleged incident involving the defendants on March 22, 2017, but that he never received a response."  (Doc. No. 59 at 8, 10.)  Thus, defendants' argument is misplaced in light of the much more robust factual showing made here as compared to the hypothetical, arguably more usual, case suggested by defendants.

Defendants' final objection is that the assigned magistrate judge "erred by failing to find the undisputed evidence shows that plaintiff did not submit a healthcare grievance challenging misconduct by Defendant Torres."  (Doc. No. 63 at 7–9.)  At the evidentiary hearing, plaintiff

3

testified that the three inmate appeals he provided to a correctional officer on April 10, 2017 were written on custody appeal forms, even though the claims against Defendant Torres were healthcare-related claims, and thus should have been submitted on a healthcare appeal form. (Doc. No. 62 at 22:24–23:2, 41:1–42:1.)  However, additional testimony at the March 9, 2021 evidentiary revealed this would not have been fatal to plaintiff's ability to seek redress through the inmate grievance appeal process.

As the prison's healthcare grievance coordinator testified that in the event a prisoner mistakenly appeals a healthcare-related matter on a custody appeal form, she understood that the prisoner "would be notified that healthcare issues should be submitted on a healthcare form." (*Id.* at 28:4–10.)  California Code of Regulations Title 15, § 3084.6, also compels this result: "the appeals coordinator shall provide clear and sufficient instructions regarding further actions the inmate or parolee must take to qualify the appeal for processing."  Cal. Code Regs. tit. 15, §3084.6(a)(1)[1]; *see also Watts v. Ruggiero*, No. 2:13-cv-1749-TLN-ACP, 2016 WL 916233, at *25 (E.D. Cal. Mar. 10, 2016), *report and recommendation adopted*, No. 213-cv-1749-TLN-ACP, 2016 WL 1359943 (E.D. Cal. Apr. 5, 2016) ("[W]hen an appeal is 'rejected,' the appeals coordinator was required to 'provide clear and sufficient instructions regarding further actions the inmate . . . must take to qualify the appeal for processing,' and provide 30 calendar days within which to do so."); *Munoz v. Cal. Dep't of Corr.*, No. 2:18-cv-10264-CJC-KS, 2020 WL 5199517, at *4 (C.D. Cal. 2020) ("If a custodial grievance is rejected or cancelled at any level of review, it is returned to the inmate with written instructions on how, if possible, to cure the defects.")  This

/////

/////

/////

---

[1] On March 25, 2020, and effective as of June 1, 2020, California Code of Regulations title 15, §§ 3084 through 3084.9 were repealed as an emergency measure by the California Department of Corrections and Rehabilitation pursuant to Penal Code § 5058.3.  *See* Cal. Code Regs. tit. 15, § 3084.6 at ¶ 10.  This citation is to the version of § 3084.6 in place in 2017, before the repeal took effect.  (Doc. No. 37-6 at 15) ("At all times during the relevant period of inmate Angelo Correa's (BC-2821) confinement at [Wasco State Prison], CDCR has had an administrative appeal process in place for inmates.")

same process is required for rejected healthcare inmate appeals.[2]  Thus, had the alleged April 10, 2017 custody appeal against defendant Torres been processed, plaintiff would have been notified and provided an opportunity to correct the error and submit the inmate appeal on the correct form.

Defendants' suggestion that prison officials may simply not respond to an inmate appeal, thereby preventing a prisoner from exhausting the administrative process, contradicts clearly established case law.  *See, e.g.*, *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."); *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) ("We also note that, again like all the other circuits that have considered the question, 'we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'") (internal quotation omitted); *Hoffman v. Preston*, No. 1:16-cv-01617-LJO-SAB, 2018 WL 4635859, at *4 (E.D. Cal. 2018); *Thornton v. Grissom*, No. 1:16-cv00498-AWI-MJS, 2017 WL 5158624, at *4 (E.D. Cal. 2017).

Therefore, the court concludes that defendants have failed to provide any persuasive reason to overturn the well-reasoned and supported findings and recommendations.

## CONCLUSION

Accordingly,

1. The March 22, 2021 findings and recommendations (Doc. No. 59) are adopted in full;

2. Defendants' motion for summary judgment (Doc. No. 37) is denied;

/////

---

[2]  The relevant standard provides that:

> When a health care grievance or health care grievance appeal is rejected, a response to the grievant shall provide written instruction regarding further action the grievant must take to qualify the health care grievance or health care grievance appeal for processing and the timeframe necessary . . . to correct and resubmit the health care grievance or health care grievance appeal to the identified office.

Cal. Code Regs. tit. 15, § 3999.234(b).  On another of plaintiff's complaints directed at a healthcare professional, which had been submitted on a custody form, the records reflect that the copy was automatically forwarded to the proper location.  (Doc. No. 37-6 at 17) ("PT Elva Salinas is medical staff, not custody staff — Copy forwarded to HC Appeals.")

3. Plaintiff is excused from failing to exhaust administrative remedies prior to initiating this action because such remedies were effectively unavailable to him; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **June 14, 2021**                        *Dale A. Drozd*
                                                  UNITED STATES DISTRICT JUDGE