UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO CORREA,<br><br>             Plaintiff,<br><br>    v.<br><br>BRAUDRICK, et al.,<br><br>             Defendants. | No. 1:19-cv-00369-ADA-BAK (GSA) (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>(Doc. 86) |

Plaintiff Angelo Correa is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On August 3, 2022, Plaintiff filed a "Motion for Stay." (Doc. 86.) Plaintiff contends a stay is necessary to allow him to "complete discovery that the defendants have not yet complied with." (*Id*. at 2.) Plaintiff states Defendant Torres has "not yet complied" with his first set of interrogatories, essentially arguing Torres' responses to those interrogatories require that further information be provided. (*Id*. at 2-4.) Plaintiff asks the Court to "deny summary judgment motion … or at least stay it until" he has a "chance to obtain the necessary information." (*Id*. at 3.) Plaintiff seeks "more time and discovery" and asks the Court to "delay" summary judgment. (*Id*. at 5.) In conclusion, Plaintiff asks this Court to "issue a stay or deny" the motion for summary judgment as to Defendant Torres. (*Id*. at 6.)

Defendants opposed the motion for stay in their August 17, 2022, filing. (Doc. 88.) Defendants contend that, even liberally construing Plaintiff's motion as one arising under Federal Rule of Civil Procedure 56(d), the motion should be denied. (*Id*. at 4.) Defendants contend Plaintiff's motion was made after the summary judgment motion was deemed submitted, and because Plaintiff raised no concerns prior to the filing of his motion, it is therefore untimely. (*Id*.) Additionally, Defendants argue the discovery Plaintiff seeks would not preclude summary judgment in Defendant Torres' favor. (*Id*. at 5.) That is so, they argue, because Plaintiff seeks "information regarding grievances filed against Defendant Torres by other inmates," but that information, even if obtained, "would not overcome Defendants' evidence that Defendant Torres was not deliberately indifferent to Plaintiff's medical needs on March 17, 2017." (*Id*.)

## II.     DISCUSSION

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Here, Plaintiff has not carried his burden of establishing the need for a stay.

First, the undersigned issued Findings and Recommendations concerning Defendants' motion for summary judgment on June 27, 2022. (Doc. 82.) In those findings, regarding the deliberate indifference to serious medical needs claim against Defendant Torres, the Court found that even viewing the facts in the light most favorable to Plaintiff, Defendants established an absence of evidence to support a claim that Defendant Torres knowingly placed Plaintiff at risk of serious injury. (*Id*. at 13-17.) The undersigned recommended summary judgment be granted in favor of Defendant Torres. (*Id*. at 17, 20.) Significantly, Defendants filed their merits-based summary judgment motion on July 22, 2021. (Doc. 70.) Plaintiff filed an opposition to the motion on November 22, 2021, after two extensions of time. (Doc. 79.) Defendants filed a reply to

1  Plaintiff's opposition on November 30, 2021. (Doc. 80.) Thus, the motion was fully briefed and
2  pending before this Court for more than seven months before the Findings and Recommendations
3  issued in late June of this year. Plaintiff will not now be heard to complain about the need for
4  additional discovery. The Findings and Recommendations have been submitted to, and are now
5  pending before, the District Judge assigned to this action.

6  Second, Plaintiff has not established that the responses to previously served discovery
7  directed to Defendant Torres would make any difference to the outcome of Defendants' summary
8  judgment motion. Plaintiff contends he is entitled to more complete responses to his interrogatory
9  numbers 7 and 12, concerning "any 602 complaints submitted against" Defendant Torres and
10 their content. (*Id*. at 3.) He contends "past conduct is relevant to punitive damages." (*Id*. at 4.)
11 Plaintiff provides no information whatsoever concerning the timing associated with the
12 information he now belatedly seeks. In other words, Plaintiff failed to reference either the date he
13 propounded the interrogatories to Defendant Torres, or the date Defendant Torres responded. He
14 merely provided photocopies of four excerpted pages from Defendant Torres' response to his
15 interrogatory numbers 7 and 12. (Doc. 86 at 7-10.) Importantly, "any 602 complaints against"
16 Defendant Torres submitted by other inmates at Wasco State Prison, even if obtained, would have
17 no effect on the Court's determination of the claim as explained in the June 27, 2022, Findings
18 and Recommendations. The claim concerns Plaintiff specifically and whether Defendant Torres
19 was deliberately indifferent to Plaintiff's serious medical needs, not whether any complaint by an
20 inmate has been lodged against Defendant Torres.

21 Third, a Discovery and Scheduling Order was issued in this case on July 10, 2020. (Doc.
22 35.) At that point the deadline for the completion of all discovery was December 10, 2020. (*Id*. at
23 1, 3.) On November 16, 2020, the deadline to complete discovery was extended, at Plaintiff's
24 request, to February 8, 2021. (Doc. 45.) On January 19, 2021, the deadline to complete discovery
25 was extended again to April 2, 2021. (Doc. 53.) Following the evidentiary hearing of March 9,
26 2021 (see Doc. 57 [minute order text only entry]), during which Plaintiff made an oral motion for
27 additional discovery that was denied, Plaintiff did not seek to modify the deadline for the
28 completion of all discovery. Discovery in this action closed on April 2, 2021, and in advance of

1   the filing of Defendants' merits-based summary judgment motion.

2         Assuming as Defendants do that Plaintiff is moving under Rule 56(d) of the Federal Rules
3   of Civil Procedure, the Court finds, here too, Plaintiff has failed to meet his burden. Pursuant to
4   Rule 56(d) of the Federal Rules of Civil Procedure, a party opposing a motion for summary
5   judgment may request an order deferring the time to respond in order to permit that party to
6   conduct additional discovery upon an adequate factual showing. *See* Fed. R. Civ. P. 56(d)
7   (requiring party making such request to show "by affidavit or declaration that, for specified
8   reasons, it cannot present facts essential to justify its opposition"). An affidavit in support of such
9   a request must identify "the specific facts that further discovery would reveal, and explain why
10  those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441
11  F.3d 1090, 1100 (9th Cir. 2006). On such a showing, "the court may: (1) defer considering the
12  motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)
13  issue any other appropriate order." Fed. R. Civ. P. 56(d). First, Plaintiff makes his request too
14  late, as noted above. The merits-based summary judgment motion was submitted with the filing
15  of Defendants' reply on November 30, 2021 and the expiration of the reply filing deadline. *See*
16  Local Rule 230(l) ["All such motions will be deemed submitted when the time to reply has
17  expired"]. Of significance, the undersigned has already issued Findings and Recommendation
18  concerning Defendants' motion for summary judgment; those findings are now pending before
19  the assigned District Judge. Second, and as explained above, the discovery sought by Plaintiff
20  would not preclude summary judgment.

21        Finally, to the degree Plaintiff's motion can be construed to be a request for a stay of the
22  entire action, rather than a stay solely related to the merits-based summary judgment motion, such
23  a stay is not warranted. The Supreme Court explained, the "power to stay proceedings is
24  incidental to the power inherent in every court to control the disposition of the causes on its
25  docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North*
26  *American Co.*, 299 U.S. at 254-55. To evaluate whether to stay an action, the Court must weigh
27  competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the
28  possible damage which may result from the granting of a stay; (2) the hardship or inequity which

a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)). The Supreme Court explained, "If there is even a fair possibility that the stay ... will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. In this case, the competing interests weigh against granting a stay where Findings and Recommendations concerning Defendants' merits-based motion for summary judgment have already issued. Next, Plaintiff will not suffer hardship or inequity in being required to go forward where the discovery he hoped to obtain will have no bearing on the outcome of his claim against Defendant Torres. Finally, considering the orderly course of justice, a stay of this action would unnecessarily complicate the issues surrounding the question of whether Defendant Torres was deliberately indifferent to Plaintiff's serious medical needs. There is more than a "fair possibility" that a stay of the action would "work damage" to Defendant Torres at this stage of the proceedings.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for stay (Doc. 86) is DENIED.

IT IS SO ORDERED.

Dated:   **August 24, 2022**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE