UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO CORREA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRAUDRICK, et al.,<br><br>　　　　　　　Defendants. | No. 1:19-cv-00369-ADA-BAK (GSA) (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(Doc. 87) |

Plaintiff Angelo Correa is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　INTRODUCTION**

On August 15, 2022, Plaintiff filed a "Motion for an Order Compelling Discovery." (Doc. 87.) Plaintiff contends Defendants Braudrick, Maddux and Salinas should be compelled to "answer fully" certain interrogatories directed to each. (*Id.* at 2.) Further, Plaintiff contends those same Defendants, as well as C. Scott, the Litigation Coordinator at Wasco State Prison, should be compelled to produce certain documents requested of them as Plaintiff has not yet received them. (*Id.* at 3-4.) Plaintiff also requests the Court order Defendants to pay the sum of $2,000 to Plaintiff "as reasonable expenses in obtaining this order, on the ground that Defendants' refusal to answer the interrogatories or produce the documents had no substantial justification." (*Id.* at 4.) Plaintiff appended as exhibits portions of the Defendants' responses to interrogatories (*id.* at 8-

18), a complete copy of Defendants' privilege log (*id*. at 19-21), a copy of Litigation Coordinator C. Scott's declaration in support of the privilege log (*id*. at 22-26), and portions of the Defendants' responses to requests for production of documents (*id*. at 27-35).

## II.  DISCUSSION

### A.  Applicable Legal Standards

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery"); *see also Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes"). Thus, the untimeliness of a motion to compel "is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dept.*, 2015 WL 3489553 at *1 (D. Nev. June 3, 2015)). Indeed, courts "will often deny Rule 37(a) motions because the moving party delayed too long." 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure*, § 2285 (3d ed. Supp. 2019) (collecting cases).

To determine whether a motion to compel is timely, the Court must review "the circumstances specific to each case." *KST Data*, 344 F. Supp. 3d at 1136 n.1 (internal quotation marks, citation omitted); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005) (noting timeliness is based on "the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another"). In general, the filing of a motion to compel discovery prior to the ordered deadline supports a finding the motion is timely, and a finding of untimeliness in that scenario will be rare. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). On the other hand, courts have repeatedly denied motions filed after the close of discovery as untimely. *See, e.g.*, *Gault*, 184 F.R.D. at 622 (motion to compel filed 136 days after defendant's initial responses and close of discovery was untimely); *King v. Wadkins*, 2018 WL 835343, *1 (E.D. Cal. Feb. 13, 2018) (denying the motion to compel as untimely where the "discovery deadline has expired and Plaintiff's previous requests to extend the

deadline have been denied"); *Mitchell v. Cate*, 2014 WL 1671589, *2 (E.D. Cal. Apr.28, 2014) (denying prisoner's motion to compel filed after discovery deadline as untimely); *Doria v. Nappi*, 2013 WL 5597178, *1 (E.D. Cal. Oct.11, 2013) (denying prisoner's motion to compel filed after deadline in court's scheduling order as untimely); *Cottrell v. Wright*, 2012 WL 3535838 at *2 (E.D. Cal. Aug. 15, 2012) (denying a motion as untimely when the "plaintiff's motion to compel was filed over three months after the discovery deadline [ ]and over three months after he received defendants' responses to his discovery requests"); *Kizzee v. Walmart, Inc.*, 2011 WL 3566881 *1 (D. Az., Aug.15, 2011) (motion to compel discovery made more than three months after the discovery deadline denied as untimely).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

### B. Analysis

A Discovery and Scheduling Order issued in this case on July 10, 2020. (Doc. 35.) At that point, the deadline for the completion of all discovery, including motions to compel, was December 10, 2020. (*Id*. at 1, 3.) On November 16, 2020, the deadline to complete discovery and to file motions to compel was extended, at Plaintiff's request, to February 8, 2021. (Doc. 45.) On January 19, 2021, again at Plaintiff's request, the deadline to complete discovery and file motions to compel was extended to April 2, 2021. (Doc. 53.) Following an evidentiary hearing on March 9, 2021 (*see* Doc. 57 [minute order text only entry]), during which Plaintiff made an oral motion for additional discovery that was denied, Plaintiff did not seek to modify the deadline for the completion of all discovery and the filing of motions to compel.[1] Therefore, discovery in this action closed on April 2, 2021. More than one year and nearly five months have passed[2] since the

---

[1] The Court has previously denied Plaintiff's motion to compel discovery on March 24, 2021, finding discovery pertaining to the issue of exhaustion moot where that issue had already been taken under submission following an evidentiary hearing. (See Doc. 61.)

[2] 8/25/22 – 4/21/21 = 510 days, or 1 year, 4 months, 3 weeks and 2 days.

deadline for the completion of all discovery, including the filing of motions to compel. Moreover, Plaintiff does not offer any explanation for his lengthy delay.[3] Thus, Plaintiff's August 15, 2022, motion is untimely. *See KST Data*, 344 F. Supp. 3d at 1136 n.1; *King v. Wadkins*, 2018 WL 835343, *1; *Mitchell v. Cate*, 2014 WL 1671589, *2; *Doria v. Nappi*, 2013 WL 5597178, *1; *Cottrell*, 2012 WL 3535838 at *2; Kizzee, 2011 WL 3566881 *1.

### III.   CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to compel (Doc. 87) is DENIED as untimely.

IT IS SO ORDERED.

Dated:   **August 25, 2022**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Notably too, Plaintiff failed to indicate when he propounded his various discovery requests to the Defendants. The Court notes that two exhibits to Plaintiff's instant motion reveal at least one of his discovery requests was made more than one year ago—Defendants' Privilege Log in Response to Plaintiff's Request for Production of Documents is dated and was served July 14, 2021, and the Declaration of C. Scott in support thereof was signed June 24, 2021 and served on July 14, 2021. None of the other exhibits—partial responses to interrogatories and requests for production of documents by Defendants—include a date because Plaintiff provided only portions of those responses, and none provided include the signed and dated signature page.

4