UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO CORREA,<br><br>        Plaintiff,<br><br>    v.<br><br>BRAUDRICK, et al.,<br><br>        Defendants. | No. 1:19-cv-00369-ADA-BAK (GSA) (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 89) |

Plaintiff Angelo Correa is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.    INTRODUCTION

On August 19, 2022, Plaintiff filed a motion for appointment of counsel. (Doc. 89.) Plaintiff contends the Court should appoint counsel to represent him because he cannot afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and investigation, including "obtain[ing] records" and locat[ing] witnesses," and counsel would more effectively present evidence and cross-examine witnesses. (*Id*. at 2-5.)

//

//

//

## II. DISCUSSION

### A. Applicable Legal Standards

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). Additionally, the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### B. Analysis

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not extraordinary. Plaintiff's claims involve the use of excessive force by Defendants Braudrick and Maddux, as well as deliberate indifference to serious medical needs by Defendant Torres,[1] in violation of the Eighth Amendment. Such claims are common to prisoner civil rights litigation.

Additionally, while the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, inability to investigate, and to present evidence and adequately cross-examine witnesses, the relevant test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be

---

[1] The undersigned has recommended Defendants' motion for summary judgment as to the claim of a deliberate indifference to serious medical need against Defendant Torres be granted. The Findings and Recommendations are now pending before the assigned District Judge. (Doc. 82.)

2

in a position to investigate easily the facts necessary to support the case"). The test is whether exceptional circumstances exist, and here, they do not. Normal challenges faced by *pro se* litigants do not warrant appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel).

Next, the Court considers whether Plaintiff is likely to succeed on the merits. Following consideration of Defendants' motion for summary judgment addressing the merits of Plaintiff's claims, the undersigned issued Findings and Recommendations to deny in part, and grant in part, Defendants' motion. (Doc. 82.) The undersigned recommended that Defendants' motion be denied as to Plaintiff's excessive force claims against Defendants Braudrick and Maddux, and granted as to Plaintiff's deliberate indifference to serious medical needs against Defendant Torres. (*Id*.) These findings are now pending before the assigned district judge. Whether Plaintiff is likely to succeed on the merits of his claims cannot be determined at this stage of the proceedings.

Further, based on a review of the record to date, the Court is unable to find that Plaintiff is unable to adequately articulate his claims. Plaintiff has diligently litigated his case for more than three years now. Plaintiff has participated in an evidentiary hearing. (*See* Doc. 57.) He has filed numerous motions beyond those seeking an extension of time. (*See, e.g.*, Docs. 46, 47, 58, 66, 86 & 87.) Further, Plaintiff has opposed dispositive motions filed by Defendants. (*See* Docs. 42 & 79.)

//

In sum, the Court concludes exceptional circumstances do not exist that would justify the

appointment of counsel in this action.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (Doc. 89) is DENIED.

IT IS SO ORDERED.

Dated:   **August 26, 2022**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE