1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ANGELO CORREA,                          No. 1:19-cv-00369-ADA-CDB (PC)

12                    Plaintiff,             ORDER AFFIRMING MAGISTRATE
                                            JUDGE'S DENIAL OF PLAINTIFF'S
13          v.                              MOTION FOR APPOINTMENT OF
                                            COUNSEL, MOTION TO COMPEL, AND
14   BRAUDRICK, et al.,                     MOTION FOR STAY

15                    Defendants.           (ECF Nos. 94, 95, 97)

16

17          Plaintiff Angelo Correa is proceeding *pro se* and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  On August 25, 2022, the assigned Magistrate Judge issued

19   an Order Denying Plaintiff's Motion to Stay.  (ECF No. 91.)  On August 26, 2022, the assigned

20   Magistrate Judge issued an Order Denying Plaintiff's Motion to Appoint Counsel, (ECF No. 93),

21   and an Order Denying Plaintiff's Motion to Compel (ECF No. 92).

22          On September 26, 2022, Plaintiff filed "Plaintiff's Objections to Magistrate Judge's Order

23   Denying Plaintiff's Motion for Appointment of Counsel" and "Plaintiff's Objections to

24   Magistrate Judge's Order Denying Plaintiff's Motion to Compel."  (ECF Nos. 94, 95.)  On

25   October 11, 2022, Plaintiff filed "Plaintiff's Objections to Magistrate Judge's Order Denying

26   Plaintiff's Motion to Stay."  (ECF No. 97.)

27          This Court considers Plaintiff's various objections pursuant to Federal Rule of Civil

28   Procedure 72(a) ("Rule 72(a)").

1    **I.      LEGAL STANDARD**

2           Rule 72(a) provides that non-dispositive pretrial matters may be referred to and decided

3    by a Magistrate Judge, subject to review by the assigned District Judge.  Fed. R. Civ. P. 72 (a);

4    *see also* Local Rule 303(c).  Requests for appointment of counsel, motions to stay, and the like

5    are non-dispositive motions that Magistrate Judges handle in the first instance.  *See* 28 U.S.C. §

6    636(b)(1)(A); *Brown v. Reif*, No. 2:18-CV-01088-KJM-CKD-P, 2019 WL 989874, at *2 (E.D.

7    Cal. Mar. 1, 2019); *SEC v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013).  The

8    District Court will not set aside a Magistrate Judge's order on a non-dispositive matter unless the

9    order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

10   Local Rule 303(f).  "[R]eview under the clearly erroneous standard is significantly deferential,

11   requiring a definite and firm conviction that a mistake has been committed" before setting aside

12   an order.  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508

13   U.S. 602, 623 (1993) (internal quotation marks omitted); *Sec. Farms v. Int'l Bhd. of Teamsters*,

14   124 F.3d 999, 1014 (9th Cir. 1997).  "An order is contrary to law when it fails to apply or

15   misapplies relevant statutes, case law, or rules of procedure."  *Jadwin v. County of Kern*, 767 F.

16   Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (citing *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163

17   (E.D.N.Y. 2006)).

18   **II.     DISCUSSION**

19          **1.  Motion of Appointment of Counsel**

20          A party has no right to counsel in civil actions.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th

21   Cir. 2009).  Courts may, however, appoint an attorney to represent an indigent prisoner in a

22   section 1983 case under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017

23   (9th Cir. 1991); 28 U.S.C. § 1915(e)(1).  To determine whether to appoint counsel, the court must

24   consider "the likelihood of success on the merits as well as the ability of the petitioner to

25   articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v.*

26   *Look*, 718 F.2d 952, 954 (9th Cir. 1983).

27          As a threshold matter, Plaintiff's objections are untimely.  Rule 72(a) states that a "party

28   may serve and file objections to the order within 14 days after being served with a copy."  The

1   Magistrate Judge's order was served on August 26, 2022, (ECF No. 93), but Plaintiff did not

2   serve his objections until September 21, 2022, (ECF No. 94), a difference of 26 days.  Because

3   the objections are untimely, this Court is not required to consider them.

4           Even in consideration of Plaintiff's untimely objections, Plaintiff fails to establish that the

5   Magistrate Judge's order is clearly erroneous.[1]  The Magistrate Judge found that Plaintiff did not

6   present exceptional circumstances to warrant appointment of counsel.  The Court understands that

7   incarcerated plaintiffs are not in the best position to conduct a jury trial, but the normal challenges

8   faced by *pro se* litigants, which Plaintiff presents, do not warrant appointment of counsel.  (ECF

9   No.93 at 3.)  The Magistrate Judge further reasoned that Plaintiff's excessive force and deliberate

10  indifference claims are common to prisoner litigation and that a determination on the likelihood

11  of the success of Plaintiff's claims may not be determined at the current stage of proceedings.

12  (*Id.*)  Upon review of the record, the Court further finds that Plaintiff can adequately articulate his

13  claims, which weighs in against the appointment of counsel.  (*Id.*)  Accordingly, the Court finds

14  that the ruling was neither clearly erroneous nor contrary to law.  Therefore, the Court affirms the

15  Magistrate Judge's order denying Plaintiff's motion to appoint counsel.

16          **2.  Motion to Compel Discovery**

17          Plaintiff's objections to the Magistrate Judge's order denying his motion to compel

18  discovery are also untimely.  The Magistrate Judge's order was served on August 26, 2022, but

19  Plaintiff did not file his objections until September 21, 2022, a difference of 26 days.  (ECF No.

20  95.)  Because the objections are untimely, this Court is not required to consider them.

21          Even in consideration of Plaintiff's untimely objections, Plaintiff fails to establish that the

22  Magistrate Judge's order is clearly erroneous.  Plaintiff reasserts his arguments that the discovery

23  sought was material and relevant to the action, but materiality and relevancy were not the bases

24

25  ─────────────────────

    [1] California district courts are divided over whether the clearly erroneous standard applies only to a Magistrate
    Judge's factual and discretionary determinations or to legal determinations as well.  *See SMC Networks, Inc. v. Hitron*

26  *Technologies, Inc.*, No. SACV 12-1293-JST, 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing
    rulings from different California district courts).  The Eastern District permits district court judges to apply *de novo*

27  review to purely legal determinations in non-dispositive pre-trial motions.  *See Ramos v. Mayfield*, No. 21-cv-1036-
    JLT-EPG, 2022 WL 95222, at *1 (E.D. Cal. Jan. 10, 2022); *Brown*, 2019 WL 989874, at *2.  Regardless, a request
    for appointment of counsel presents a mixed question of law and fact, requiring the district court to review the

28  Magistrate Judge's ruling under the clearly erroneous standard.  *See Brown*, 2019 WL 989874, at *2.

1    for the Magistrate Judge's denial of Plaintiff's motion.  (ECF No. 95.)

2        The Magistrate Judge denied Plaintiff's motion based on untimeliness.  (*See* ECF No. 92.)

3    In his motion, Plaintiff provides a declaration explaining his delay in filing his objections.  (ECF

4    No. 95 at 43-45.)  Plaintiff states that he was housed in Administrative Segregation from August

5    2021 to November 2021, which is four months past the discovery period, which concluded on

6    April 2, 2021.  (*Id.*)  While in Administrative Segregation, Plaintiff did not have access to his

7    property and documents.  (*Id*. at 43-44.)  Because Plaintiff did not include this declaration in his

8    original motion, the Magistrate Judge's order cannot amount to clear error.  Even in consideration

9    of Plaintiff's declaration, his circumstances did not prevent him from timely filing a motion to

10   compel.  When Plaintiff filed his motion to compel, one year and nearly five months had already

11   passed since the expiration of the discovery period.  (ECF No. 92 at 3.)  Upon review of the

12   Magistrate Judge's order, the Court finds that the ruling was neither clearly erroneous nor

13   contrary to law.  Therefore, the Court affirms the Magistrate Judge's order denying Plaintiff's

14   motion to compel discovery.

15       **3.  Motion to Stay**

16       Plaintiff's motion to stay, interpreted as a set of objections, are untimely under Rule 72(a)

17   for the same reasons stated above.  In his motion to stay, Plaintiff asserts that he needs time to

18   "complete discovery that the defendants have not yet complied with."  (ECF No. 86 at 2.)

19   Because the objections are untimely, this Court is not required to consider them.

20       Even in consideration of Plaintiff's untimely objections, Plaintiff fails to establish that the

21   Magistrate Judge's order is clearly erroneous.  Plaintiff failed to establish the need for a stay

22   because, by the time Plaintiff filed the motion, Defendants' motion for summary judgment was

23   fully briefed and the Magistrate Judge issued findings and recommendations.  (*See* ECF No. 82.)

24   This Court, after considering Plaintiff's objections with respect to the findings and

25   recommendations, adopted in full the findings and recommendations.  (*See* ECF No. 101.)

26       Furthermore, the Magistrate Judge applied the relevant test.  To evaluate whether to stay

27   an action, the Court must weigh competing interests that will be affected by the grant or refusal to

28   grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2)

4

1    the hardship or inequity which a party may suffer in being required to go forward; and (3) the

2    orderly course of justice measured in terms of simplifying or complicating of issues, proof, and

3    questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d

4    265, 268 (9th Cir. 1962) (citing *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936)).

5    Weighing each factor, the Magistrate Judge concluded that a stay of the then-findings and

6    recommendations is not warranted. (ECF No. 91 at 5.) Most importantly, Plaintiff does not

7    persuasively argue that additional discovery would significantly impact the outcome of

8    Defendants' motion for summary judgment. (*Id.* at 3.)

9        Upon review of the Magistrate Judge's order, the Court finds that the ruling was neither

10   clearly erroneous nor contrary to law. Therefore, the Court affirms the Magistrate Judge's order

11   denying Plaintiff's motion to compel discovery.

12   **III.**     **CONCLUSION**

13        Accordingly,

14      1. Plaintiff's Objections to Magistrate Judge's Order Denying Plaintiff's Motion for

15           Appointment of Counsel (ECF No. 94) are OVERRULED;

16      2. Plaintiff's Objections to Magistrate Judge's Order Denying Plaintiff's Motion to

17           Compel (ECF No. 95) are OVERRULED; and

18      3. Plaintiff's Objections to Magistrate Judge's Order Denying Plaintiff's Motion for Stay

19           (ECF No. 97) are OVERRULED.

20

21

22   IT IS SO ORDERED.

23    Dated:    October 22, 2022                              

24                    UNITED STATES DISTRICT JUDGE

25

26

27

28